NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RA-KING ALLEN, | : | |
| | : | |
| | : | Civil Action No. 16-1660-BRM-DEA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY STATE POLICE, et al., | : | |
| | : | **OPINION** |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendants New Jersey State Police ("NJSP"), Superintendent Joseph R. Fuentes, and State Trooper Richard Nugnes's (collectively, "Defendants") Partial Motion to Dismiss Plaintiff Ra-King Allen's Amended Complaint. (ECF No. 28.)[1] Allen opposes this

---

[1] In their moving papers, Defendants sought to dismiss Allen's Complaint in its entirety. (*See* ECF No. 28.) They sought to dismiss defendants NJSP and Fuentes arguing NJSP was completely immune from liability and Fuentes was immune in his official capacity. (*Id*. at 2, 7-8.) They further contended Allen's claims against Fuentes in his individual capacity should be dismissed because they were based solely on an impermissible theory of *respondeat superior*. (*Id.* at 8-10.) However, in their reply brief, they dropped their Motion to Dismiss against Defendants NJSP and Fuentes, conceding they were barred from raising the issue of immunity against both Defendants because the defense was available to them when they filed their original motion to dismiss the initial Complaint on June 3, 3016. (ECF No. 12; *see* ECF No. 34 at 2 (acknowledging Allen's argument as to why Defendants are procedurally barred from asserting the defense of immunity and conceding "the Third Circuit has strictly construed Fed. R. Civ. P. 12(g)(2) to impose restrictions on the filing of successive motions to dismiss").) Therefore, Defendants reply brief only asks the Court to "grant Defendants' Motion to dismiss Plaintiff's claim for malicious prosecution based on the doctrine of collateral estoppel." (ECF No. 34 at 6.) Accordingly, the Court will only address this issue and construes Defendants' Motion as a Partial Motion to Dismiss.
   Indeed, Defendants are barred from raising defenses or objections which were available at the time of the original complaint. *See Oliver v. Roquet*, No. 13-1881, 2014 WL 4271628, at *3 (D.N.J. Apr. 14, 2014) ("[T]his district has stated that with respect to amended complaints and Fed. R. Civ. P. 12(g)(2), even if a plaintiff files an amended complaint . . . [it] does not revive the right to interpose defenses or objections which might have been made to the original complaint.")

1

Motion. (ECF No. 29.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Defendants' Motion is **DENIED**.

I. **BACKGROUND**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true, considers any document "integral to or explicitly relied upon in the complaint," and draws all inferences in the light most favorable to Plaintiffs. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

This action arises out of a motor vehicle stop that occurred on April 28, 2008, in Warren County, New Jersey. (ECF No. 24 ¶¶ 14-15.) Allen was the passenger in a vehicle that was stopped for a motor vehicle violation by the NJSP. (*Id.*) Nugnes was among the troopers involved in the stop. (*Id*. ¶ 16.) After determining both the driver and Allen had valid outstanding warrants, both individuals were placed under arrest. *See State of New Jersey v. Allen,* No. A-1290-10T2, 2011 WL4407521, *1 (N.J. App. Div. Sept. 23, 2011).[2] During a search incident to those arrests, marijuana was found on Allen's person. *Id*. Nugnes then directed the car to be towed and a tow truck driver arrived at the scene. (ECF No. 24 ¶¶ 16-17.) At some point after the tow truck driver

---

(citations omitted). Here, the defense of immunity and qualified immunity could have been raised in Defendants' first motion to dismiss. (*See* ECF No. 1.) To the extent Defendants still seek to raise an immunity defense, they may do so in a motion for judgment on the pleadings pursuant to Rule 12(c) or a motion for summary judgment pursuant to Rule 56(a). This will alleviate the Rule 12(g)(2) issue.

[2] While courts typically cannot consider matters outside of the pleadings when deciding a motion to dismiss, there is an exception to this general rule when a document is integral to, or explicitly relied upon in, the complaint. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d at 1426. Allen expressly refers to the Appellate Division's September 23, 2011 decision in his Complaint (ECF No. 24 ¶ 32) and, therefore, the Court may rely upon that decision when deciding this Motion.

2

arrived, the vehicle's trunk was inadvertently opened and Nugnes discovered a quantity of drugs and drug paraphernalia inside a container in the trunk. (ECF No. 24 ¶ 18.) Neither Allen nor the driver of the vehicle consented to the opening of the trunk. (*Id.*) As a result, Plaintiff was arrested for and charged with possession of a controlled dangerous substance. (*Id.* ¶¶ 23, 28.) Allen alleges "[t]his contraband was not in plain view." (*Id.* ¶ 22.)

Allen made a motion to suppress the evidence as being illegally seized without a warrant before the trial court. (*Id.* ¶ 24.) Allen alleges Nugnes "engaged in deceit during his testimony" by offering "false representations" to the trial judge. (*Id.* ¶¶ 25-26, 30.) As a result of the deceit, the trial judge denied the motion and Allen pled guilty. (*Id.* ¶¶ 27-28, 30.) As a result of his guilty plea and the "untruthful testimony" of Nugnes, Allen received a sentence of fourteen (14) years imprisonment with a fifty-seven (57) month period of parole ineligibility. (*Id.* ¶ 31.) On September 23, 2011, the Appellate Division affirmed the trial court's denial of Allen's motion to suppress. (*Id.* ¶ 32.) Allen appealed to the New Jersey Supreme Court and, on December 6, 2013, the matter was remanded back to the trial court for additional findings of fact regarding the search of the vehicle. (*Id.* ¶ 33.)

On remand, the trial court concluded Nugnes' testimony

> appeared at times offhand and at one point flippant. At other times his speech was jerky and impatient. The overall impression he gave was of someone whose time was being wasted or whose word was above questioning. His manner did not inspire confidence in his concern for truthfulness and accuracy. In contrast to his answers to other questions, he qualified his answers to the crucial questions about the appearance and location of the contraband in the trunk of the car with phrases like "as far as I remember", "probably" and "I believe." The court found his testimony on these points to be evasive. His answers to questions about lifting the trunk lid were, in the aggregate, equivocal.

(ECF No. 28-3 at 1;[3] *see* ECF No. 24 ¶¶ 34-36.) Based on Nugnes' and the tow truck driver's testimony, the trial judge found the trunk was opened inadvertently by the tow truck driver, without direction from Nugnes and that Nugnes saw something suspicious in the trunk and asked the tow truck driver not to close the trunk. (ECF No. 28-3 at 4.) "He then leaned over and handled whatever was in the trunk." (*Id.*) However, "[b]ased on [Nugnes'] imprecision and equivocations about the location and appearance of the items in the trunk, the court [was] not persuaded, by even the preponderance of the evidence, that the [contraband] was visible prior to [Nugnes] incursion into the trunk." (*Id.*) As a result of those factual findings on remand, on June 23, 2015, after Allen had been incarcerated for fifty-seven (57) months, the New Jersey Supreme Court vacated Allen's conviction, finding there was no probable cause for his arrest. (ECF No. 24 ¶¶ 37-39.)

Plaintiff commenced this action on March 24, 2016, asserting claims against Defendants for: (1) violation of his Fourth Amendment right to be free from unreasonable searches and seizure, pursuant to 42 U.S.C. § 1983 and Art. 1 s. 7 of the New Jersey State Constitution; (2) failure to implement appropriate policies, customs and practices, pursuant to 42 U.S.C. § 1983; (3) negligent hiring and retention; and (4) malicious prosecution. (ECF No. 1 at 4-7.) Defendants moved to dismiss the Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) On March 7, 2017, the Court granted Defendants' motion to dismiss the Complaint without prejudice. (ECF Nos. 21-22.) On March 27, 2017, Plaintiff filed an Amended Complaint, *nunc pro tunc*, asserting: (1) malicious prosecution pursuant to 42 U.S.C. § 1983, New Jersey common law, and Article 1, Paragraph 7 of the Constitution of the State of New Jersey against Defendants (Count I); and (2) violations of civil rights pursuant to Title 42 U.S.C. § 1983 against

---

[3] Allen expressly refers to the trial court's supplemental findings of fact in his Amended Complaint (ECF No. 24 ¶¶ 34-36) and, therefore, the Court may rely upon that decision when deciding this Motion. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d at 1426.

4

Defendants (Count II). (ECF No. 24.) On April 19, 2017, Defendants filed a Partial Motion to Dismiss Allen's malicious prosecution claims against Defendants (Count I). (ECF Nos. 28, 34.) *See* n. 1, *supra*.

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the-defendant-harmed-me accusation" must be pled; it

5

must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426.

### III. DECISION

Defendants argue Plaintiff's claims for malicious prosecution pursuant to 42 U.S.C. § 1983, New Jersey common law, and Article 1, Paragraph 7 of the Constitution of the State of New Jersey against Defendants should be dismissed "because the doctrine of collateral estoppel should apply to preclude a finding that Nugnes' testimony before any State court was either perjurous or fraudulent." (ECF No. 28-1 at 11.) Specifically, they argue none of the state courts made any findings that Nugnes perjured himself, was purposefully deceptive, or coercive such that he committed fraud upon the courts, and therefore, any allegation by Plaintiff to the contrary is barred by collateral estoppel. (*Id.* at 13.)

Allen argues Defendants are procedurally barred from dismissing his malicious prosecution claims on a theory of collateral estoppel because that defense was available in their initial motion to dismiss in June 2016. (ECF No. 29 at 2-3.) Specifically, he contends "the New Jersey Courts ruling on [his] underlying case were in existence at the time of [D]efendants' initial motion," and therefore they should have raised their collateral estoppel defense in their initial motion. (*Id.* at 3.) In the alternative, Allen argues Defendants' Motion should be denied "because no court in the underlying case ever specifically ruled that Nugnes committed perjury or fraud does not mean it did not occur. Nor does this cause of action require that any court actually rule that perjury or fraud were perpetrated upon the court." (*Id.* at 11.) Allen further contends, "because the courts did rule that there was insufficient credible evidence, and that evidence was supplied by [] Nugnes, it is clear that [] Nugnes was not worthy of belief, and did engage in misdirection." (*Id.*) He further argues that, because the New Jersey Supreme Court reversed the trial court decision, it did in fact find Nugnes testimony was not credible. (*Id.*)

As a preliminary matter, Defendants are not procedurally barred from bringing this instant Partial Motion to Dismiss Allen's malicious prosecution claims on a theory of collateral estoppel. While the Third Circuit has strictly construed Federal Rule of Civil Procedure 12(g)(2) to impose restrictions on the filing of successive motions to dismiss, it applies only to bar defenses and objections that were "available" to the moving party at the time of the motion. *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) ("Except as provided in rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion.")(quoting Fed. R. Civ. P. 12(g)(2)). The Court finds Defendants did not waive their defense of collateral estoppel defense because there were insufficient facts in the initial Complaint to indicate that the

7

defense was necessary or possible. In the initial Complaint, Allen did not allege any facts demonstrating Nugnes made false representations or provided deceitful testimony to any of the New Jersey State courts involved in his criminal case as he alleges in his Amended Complaint. (*Compare* ECF No. 1 ¶¶ 63-70 *with* ECF No. 24 ¶¶ 43-57.) Instead, his claims for malicious prosecution in his initial Complaint were entirely predicated upon an alleged unconstitutional search and seizure. (ECF No. 1 ¶¶ 63-70.)

Similarly, Allen's malicious prosecution claims are not collaterally estopped. "Collateral estoppel, or issue preclusion, prevents a party who litigated an issue previously from rearguing that particular issue even if the other litigants were not party to the earlier proceeding." *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 105 (3d Cir. 2006) (citing *Szehinskyj v. Attorney Gen. of the U.S.*, 432 F.3d 253, 255 (3d Cir. 2005)). Thus, "[a] finding in a prior criminal proceeding may estop an individual from litigating the same issue in a subsequent civil proceeding." *Id.* (citing *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. at 568-69 (1951)). Federal courts must give the judgment of a state court "the same preclusive effect as would be given the judgment by a court of that state." *Id.* (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Under New Jersey law, collateral estoppel bars the relitigation of an issue where:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (N.J. 2007).

For collateral estoppel to apply, the issue sought to be precluded must be the same issue decided in the prior proceeding. Defendants' collateral estoppel defense fails because the issue determined by the New Jersey State courts in the underlying actions was whether an exception to the warrant requirement existed to excuse the State's warrantless search of Allen's trunk, not whether Nugnes was "perjurous or fraudulent." Indeed, the New Jersey Appellate Division articulated the issue before it as:

> THE MOTION COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE WHEN THERE IS INSUFFICIENT CREDIBLE EVIDENCE IN THE RECORD TO SUPPORT A WARRANTLYESS SEIZURE PURSUANT TO THE PLAIN VIEW EXCEPTION TO THE WARRANT REQUIREMENT.

*Allen*, 2011 WL 4407521, at *1. Furthermore, the New Jersey Supreme Court described the issue before it as, "This case involves a warrantless search. The State, therefore, must establish by a prepondereance of the evidence that the search was justified under a recognized exception to the warrant requirement." *State v. Allen*, 114 A.3d 737 (N.J. 2015). The only issued ever decided by the New Jersey courts was whether there was sufficient credible evidence in the record to support a warrantless search of Plaintiff's trunk, and the New Jersey Supreme Court held there was not.

Moreover, the fact that on remand the trial court concluded Nugnes's testimony "did not inspire confidence in his concern for truthfulness and accuracy," was evasive, equivocal, and imprecise, is without merit. (ECF No. 28-3 at 1, 4;[4] *see* ECF No. 24 ¶¶ 34-36.) The issue before the trial court on remand was whether there was sufficient credible evidence in the record to support a warrantless search of Allen's trunk, and the trial court did not make, neither was it asked

---

[4] Allen expressly refers to the trial court's supplemental findings of fact in his Amended Complaint (ECF No. 24 ¶¶ 34-36) and, therefore, the Court may rely upon that decision when deciding this Motion. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d at 1426.

to make, an official determination as to whether Nugnes's testimony was perjurious, fraudulent or deceitful. (*See id.*) Accordingly, the Court finds the New Jersey courts did not decide whether Nugnes was deceitful or fraudulent and Allen is not barred from asserting his claims for malicious prosecution.

Because the Court finds Allen's malicious prosecution claims against Defendants are properly before it, it must determine whether Allen has set forth "sufficient factual matter, accepted as true, to 'state a claim for [malicious prosecution under § 1983] that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish that (1) the conduct deprived him of his rights, privileges, or immunities secured by the Constitution or laws of the United States and (2) the conduct challenged was committed by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005).

To state a claim for malicious prosecution under § 1983 and determine whether the alleged conduct deprived plaintiff of his Fourth Amendment rights, a plaintiff must plead:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). The first four elements listed above also comprise the New Jersey common law tort of malicious prosecution. *Wilson v. N.J. State Police*, No. 04-1523, 2006 WL 2358349, at *9 (D.N.J. Aug. 15, 2006); *See Wiltz v. Middlesex Cty. Office of the Prosecutor*, No. 05-3915, 2006 WL 1966654, at *9 (D.N.J. July 12, 2006) (stating elements of New Jersey common law malicious prosecution claim). "Failure to prove any one of these . . . elements denies the plaintiff a cause of action for malicious prosecution." *Wiltz*, 2006 WL 1966654, at 9. Furthermore, the analysis for Allen's New Jersey Constitutional malicious prosecution claim is the same as the § 1983 analysis. *See Estate of Martin v. U.S. Marshals Serv. Agents*, 649 F. App'x 239, 245 n.4 (3d Cir. 2016) (holding that "it appears undisputed that [p]laintiffs' claims under the New Jersey Constitution and the New Jersey Civil Rights Act trigger the same legal elements and principles as . . . [the] federal causes of action [under Section 1983]"); *Lucia v. Carroll*, No. 12-3787, 2014 WL 1767527, at *5 (D.N.J. May 2, 2014) (finding that the analysis for plaintiff's Article 1, Paragraph 7 of the New Jersey Constitution malicious prosecution claim was the same as its § 1983 claims). Accordingly, the Court applies the same standard to all of Plaintiff's malicious prosecution claims.

> Moreover, the Third Circuit
>
> > adhere[s] to the well-settled principle that, in situations in which a judicial officer or other independent intermediary applies the correct governing law and procedures but reaches an erroneous conclusion because *he or she is misled in some manner as to the relevant fac*ts, *the causal chain is not broken and liability may be imposed upon those involved in making the misrepresentations or omissions.*

*Egervary v. Young*, 366 F.3d 238, 250 (3d Cir. 2004) (emphasis added) (citing *Hector v. Watt*, 235 F.3d 154, 164 (3d Cir. 2000); *Hand v. Gary*, 838 F.2d 1420, 1427-28 (5th Cir. 1988)); *see Johnson*

*v. Provenzano*, 646 F. App'x 279, 282 (3d Cir. 2016) ("Where the judicial officer has not been deceived but fails to properly apply the governing law and procedures, such error must be held to be superseding cause, breaking the chain of causation for purposes of § 1983.") (citation omitted). There is, however, "a distinction between that situation and . . . [one] where the actions of the defendants, while clearly a cause of the plaintiff's harm, do not create liability because of the intervention of independent judicial review, a superseding cause." *Egervary*, 366 F.3d at 250. Where "the judicial officer is provided with the appropriate facts to adjudicate the proceeding but fails to properly apply the governing law and procedures, such error must be held to be a superseding cause, breaking the chain of causation for purposes of § 1983 . . . liability." *Id*. at 250-51 (citations omitted).

In his Amended Complaint, Allen alleges a criminal prosecution was instituted against him and later terminated in his favor by dismissal. (ECF No. 24 ¶¶ 44, 47.) He contends "[t]here was an absence of probable cause to commence the proceeding" and, further, "[t]here was actual malice as evidenced by the lack of probable cause for the charge." (*Id*. ¶¶ 48-49.) He further asserts Nugnes "engaged in deceptive behavior, by testifying falsely at Plaintiff's initial suppression hearing, as well as the remand hearing" and that the "initial trial court's refusal to suppress the evidence was induced by the deception of [] Nugnes." (*Id*. ¶¶ 51-52.) Allen further contends, "[d]ue to [] Nugnes deception to the suppression courts, Plaintiff's claim has not been nullified by intervening independent judicial review" and "[t]he Supreme Court's decision to suppress the evidence was based upon the failure of evidence caused by [] Nugnes's deceptive testimony." (*Id*. ¶¶ 53-54.) Moreover, the trial court indicated Nugnes's testimony "did not inspire confidence in his concern for truthfulness and accuracy," was evasive, equivocal, and imprecise. (ECF No. 28-3 at 1, 4; *see* ECF No. 24 ¶¶ 34-36.) Indeed, at this motion to dismiss stage, Allen has pled sufficient

facts to state a claim for malicious prosecution under § 1983, New Jersey common law, and the New Jersey Constitution. Not only has he pled the requirements for a malicious prosecution claim, *Johnson*, 477 F.3d at 81-82, but he has pled the initial trial court's refusal to suppress evidence was induced by deception or coercion on the part of Defendants. Accordingly, Defendants' Motion to Dismiss is **DENIED.**

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 28) is **DENIED.**

**Date:** November 28, 2017    */s/ Brian R. Martinotti*
       **HON. BRIAN R. MARTINOTTI**
       **UNITED STATES DISTRICT JUDGE**